PERDUE *et ux.* v. UNITED STATES FIDELITY & GUARANTY CO. *et al.*

No. 2877. Opinion Filed August 6, 1913.

(134 Pac. 438.)

MORTGAGES—Foreclosure Sale—Injunction—Adequate Remedy at Law.
Record examined, and held, that plaintiffs' petition did not state facts sufficient to authorize the issuance of a temporary injunction, and no error was committed in dissolving same.

(Syllabus by Robertson, C.)

*Error from District Court, Rogers County;*
*Preston S. Davis, Judge.*

Action for injunction by W. J. Perdue and wife against the United States Fidelity & Guaranty Company and W. E. Sanders, sheriff. Judgment for defendants on motion to dissolve temporary injunction, and plaintiffs bring error. Affirmed.

*H. Jennings* and *E. Bush,* for plaintiffs in error.

*D. H. Wilson* and *W. H. Kornegay,* for defendants in error.

Opinion by ROBERTSON, C.   On June 4, 1910, a judgment was entered in the district court of Rogers county in favor of the U. S. Fidelity & Guaranty Company and against W. J. Perdue and Elizabeth Perdue, in the sum of $12,897.59, and costs of suit, and ordering the foreclosure of a real estate mortgage given to secure said amount on certain real estate in said county; the petition in the case at bar recites the rendition of said judgment, and in addition alleges that there was issued out of said district court an execution and order of sale, directed to the sheriff of said county, commanding him to sell the property covered by the mortgage and apply the proceeds to the satisfaction of the judgment; said order of sale was issued on May 10, 1911, and in pursuance of said command the sheriff levied upon and advertised the lands for sale on June 10, 1911.   It is further alleged that on May 10, 1911, the sheriff had caused the property to be appraised by three disinterested freeholders of Rogers county, and that they fixed the appraised value thereof at $17,000, that the reasonable market value of the same was not less than $40,000, and that the appraisement did not represent more than 40 per cent of its market value, and that if it was permitted to be sold, the purchaser could buy it for two-thirds of its appraised value, and be entitled to have the sale confirmed by the court, and thereby defraud the plaintiffs out of $25,000.   The petition further states that the plaintiffs had a superior equity in the property to the amount of $25,000; that the same existed by virtue of certain unpaid and unliquidated mortgages held by them on the property, copies of which were attached to and made a part of the petition; that said mortgages had never been paid off, foreclosed, or otherwise satisfied, and that the same were not barred by the statute of limitation.   It is further alleged that neither of the defendants would recognize the claims of plaintiffs, and that if the defendant Sanders, as sheriff, was permitted to sell the land as advertised, the same would pass into the hands of innocent purchasers, and thereby greatly complicate plaintiffs' claims, and defendants could not be made to answer for damages; that the appraisement was inadequate, and was greatly at variance with former appraisements of said property, and that said appraisement was made by

reason of prejudice on the part of appraisers in order to injure plaintiffs. It was also charged that the appraisement was not made and returned as required by law, and that on February 20, 1911, the property was advertised, by the defendant sheriff, for sale, and that he proceeded thereafter to sell the same, at which sale the plaintiffs offered $40,000 for the property, and the same was sold by the sheriff to W. J. Perdue, one of the plaintiffs, but that the sheriff would not accept the alleged equity claim held by Perdue against the defendant as part payment of the purchase price of the property, and that by reason thereof the sale was not confirmed, but all the proceedings thereunder failed, and was thus rendered null and void. It is further charged that on October 31, 1907, the defendant U. S. Fidelity & Guaranty Company was ordered by the judge of the United States District Court for the Northern District of the Indian Territory to pay into the court the sum of $32,500, according to their bond for that amount, for the purpose of liquidating the mortgages held by W. J. Perdue, and for the purpose of liquidating and paying the indebtedness owing by the Claremore Radium Wells Company, as shown by the decree of the said United States court attached to and made a part of the petition. There was an allegation in the petition of the failure of the U. S. Fidelity & Guaranty Company to comply with that order of the court. It is further charged that plaintiffs, by reason of their financial condition, were not able to purchase the property, even at the low appraisement, unless they were offered the opportunity to offset the purchase price with their mortgages, and that if the property was sold as advertised, they would be prevented from purchasing the same, and that their rights and equities in and to the property would be annulled and destroyed, and they would be deprived of the same without compensation or due process of law. The petition was filed on June 17, 1911; summons issued, showing that an injunction had been allowed by the county judge, to whom application had been made by reason of a showing that the district judge was absent from the county at the time. Service was had according to law, the defendants entering their appearance, and on June 22d served notice on the plaintiffs of a motion to dissolve the temporary in-

junction, on the grounds that the petition and affidavit showed no legal reasons for the granting of the same, and that the same matter had theretofore been adjudicated in a previous action brought by the same plaintiffs against the same defendants. A demurrer was also interposed by the defendants, and at the hearing the demurrer was sustained, and the temporary injunction was dissolved, and the plaintiffs, electing to stand on their petition, refused to plead further, and the same was thereupon dismissed over their objection, and they bring this appeal to reverse the order of the court in dismissing their petition and dissolving the temporary injunction.

The following is a complete copy of the brief of the plaintiffs in error, showing assignments of error, arguments, and citations of authority in support of this appeal:

## "Assignment of Errors.

"First, in sustaining the defendants' motion to dissolve the injunction, and demurrer to the petition.

## "Argument.

"The plaintiffs' petition, as filed herein, sets out at least three equitable causes of action to sustain the injunction against the sale of this property; these being: First, the plaintiffs' proper equity in this property, and certainly the subsequent mortgages could not ignore and override the rights of the plaintiffs under such equities; second, the law provides for a fair and equitable appraisement of property sought to be sold under the proceedings had herein, and the court erred in not giving the plaintiffs an opportunity to prove their allegations that the appraisement made, and the inadequate amount for which it was appraised, was the result of prejudice, and with the object of having this property disposed of at a sum greatly below its true value, thus entirely extinguishing any equity that the plaintiffs might have in said property; third, under the action of equity, that he who seeks equity must do equity, and, further, that he who seeks equity must come into court with clean hands, the defendant company cannot seek equitable relief by reason of the fact that they had knowledge, and it was a matter of record, that Luman F. Parker,

Perdue et ux. v. United States Fidelity & Guaranty Co. et al.

Esq., as judge of the Northern District of the Indian Territory, sitting at Claremore, had entered his order requiring them and ordering them to pay into court the sum of $32,500, for distribution amongst the creditors of this property, which order they did wholly ignore and refuse to acknowledge, and until they do so pay such money into court, under said order, we are of the opinion that they have no status in this court, and have no right to be heard.

"Plaintiffs in error ask that this case be reversed at the cost of the defendants in error, with instructions to the district court of Rogers county, Okla., to enter judgment for the plaintiffs, and making the injunction perpetual.

"Respectfully submitted.   H. Jennings and E. Bush, attorneys for plaintiffs in error."

The appeal should be dismissed for failure to comply with the requirements of Rule 25 (20 Okla. xii, 95 Pac. viii) of this court relative to the briefing of cases, as there is no attempt made to comply with the provisions of the same.

Counsel for defendants in error charge in their brief that this appeal is not prosecuted in good faith; that the sole object of this injunction proceeding is for delay and to enable plaintiffs to retain possession of the mortgaged property as long as possible.   We have no method of ascertaining the truthfulness of these charges, but that there is no merit in the appeal must, by even a casual examination of the record, be conceded.   Plaintiffs contend that they have set out three equitable causes of action in their petition.   To our minds not a single one is stated. If plaintiffs had any equity in the subject-matter, and the defendant Guaranty Company held a mortgage thereon made by the plaintiffs, as is admitted by the pleadings, then surely the equity of the Guaranty Company arising from the execution by the plaintiffs of the mortgage on the property to the Guaranty Company would be superior to any equity that existed by the Claremore Radium Wells Company to the plaintiffs.   As is said in the brief of defendants in error, "This is axiomatic," and needs no citation of authority to sustain it.

It is next insisted that the court erred in sustaining the demurrer to the petition for that it contained an allegation that the appraisement was not in accordance with law.   Even if such

be the case, an independent action in injunction would not be the proper method of correcting the error. However, the allegations of the petition in this behalf are wholly insufficient to predicate a showing, or proof, of such fact. Plaintiffs would, in the foreclosure case, without the extra expense of a separate suit, be entitled to show that the foreclosure proceedings, or any step therein, was not in conformity to law, and, had the judgment of the court in the foreclosure case on this point been against them, they could have predicated error thereon in the ordinary and regular channels, without resorting to the use of the extraordinary writs provided by law, and could have saved every right that may have thus been taken away from them.

The third and last specification, for the above reasons, is also without merit. Plaintiffs in either event had a plain, speedy, and adequate remedy in the original case, and they are bound to present the question to the court in that case for determination. To sanction such proceedings as this one would be an inexcusable encouragement to unnecessary litigation. It is not the policy of the law to give such encouragement. The motion to dissolve the temporary injunction and the order dismissing the petition was likewise properly entered.

The judgment should be affirmed.

By the Court: It is so ordered.